# EXHIBIT H



LEXSEE 1996 U.S. DIST. LEXIS 10025



Positive
As of: Oct 21, 2010

**FOUNTAIN MARKETING GROUP, INC., Plaintiff, v. FRANKLIN PROGRESSIVE RESOURCES, INC. d/b/a Progressive PC, and MICHAEL FRANKLIN, Defendants.**

**No. 96 C 2647**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1996 U.S. Dist. LEXIS 10025*

**July 12, 1996, Decided
July 16, 1996, DOCKETED**

**DISPOSITION:** [*1] Motions to dismiss for lack of jurisdiction and improper venue and to transfer venue denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff manufacturer brought an action against defendants, distributor and its president, for breach of contract. The distributor and the president filed a motion to dismiss for lack of personal jurisdiction and improper venue. In the alternative, they filed a motion to transfer venue.

**OVERVIEW:** The manufacturer was based in Illinois and the distributor was located in Florida. The two entered into an agreement for the distributor's purchase of computers. The manufacturer designed the computers and shipped them to the distributor. The manufacturer also sent one of its representatives to assist the distributor in a planned sale of the computers. The president signed a personal guarantee for the distributor's liability to the manufacturer. After the sale was completed, the manufacturer claimed that the distributor failed to pay the amount due. It brought an action to recover this. The distributor argued that the court lacked personal jurisdiction, but the court disagreed. The distributor actively negotiated the terms of the agreement and was an active purchaser from an Illinois corporation such that it submitted itself to the jurisdiction of the court. It was not an undue burden on the distributor to require it to defend the action in Illinois, a proper venue. The court also had personal jurisdiction over the president because he acted on the company's behalf at his own direction. The motion to transfer venue was denied because the case had already been scheduled for trial.

**OUTCOME:** The court denied the motions filed by the distributor and the president for the dismissal of the manufacturer's breach of contract action based on the lack of personal jurisdiction and improper venue. The court also denied their motion to transfer venue.

Case: 1:10-cv-03925 Document #: 69-8 Filed: 10/22/10 Page 3 of 8 PageID #:507

Page 2
1996 U.S. Dist. LEXIS 10025, *1

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > General Overview*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Dismiss*
[HN1] In considering a motion to dismiss for want of personal jurisdiction or improper venue, the court accepts all well-pleaded allegations as true unless controverted by defendant's affidavits. Any conflicts in the affidavits are resolved in favor of the plaintiff.

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > Citizenship > General Overview*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN2] A federal court sitting in diversity has personal jurisdiction over a party only if a court of the forum state would have jurisdiction.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Long-Arm Jurisdiction*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
[HN3] An Illinois court may exercise jurisdiction over a defendant who is subject to the Illinois long arm statute. Since its amendment in 1989, the Illinois long arm statute is coextensive with the limits of due process. Accordingly, if the due process requirements of the Illinois and United States constitutions are satisfied, personal jurisdiction is proper. In order to comport with federal due process, a defendant must have sufficient minimum contacts with the forum state so that suit in that state does not offend traditional notions of fair play and substantial justice. If the defendant has purposefully availed himself of the benefits of conducting business in the forum state and could reasonably anticipate being haled into court there, the minimum contacts prong of this test is satisfied. In judging the fair play and substantial justice test, the court should consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Criminal Law & Procedure > Jurisdiction & Venue > General Overview*
*Governments > Fiduciary Responsibilities*
[HN4] The fiduciary shield doctrine insulates a person from jurisdiction in a state when the individual's presence and activities in the state were solely to further the interests of an employer or other principal. By contrast, the fiduciary shield defense does not apply if the employee in question was also (or instead) acting to serve his personal interests.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Contracts Law > Performance > Discharges & Terminations*
[HN5] Contract performance in Illinois is of itself a sufficient basis for personal jurisdiction.

*Civil Procedure > Venue > Multiparty Litigation*
[HN6] In diversity actions, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *28 U.S.C.S. § 1391(a)(2)*.

*Civil Procedure > Venue > Corporations*
*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
*Civil Procedure > Venue > Motions to Transfer > Choice of Forum*
[HN7] There are three elements of a valid transfer: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, in the interest of justice. *28 U.S.C.S. § 1404(a)*. The burden of proof is on the party seeking transfer to show the existence of these three requirements, and that there is a clear inconvenience in this district in comparison to the transferee district. In determining whether the third element is satisfied, the court should consider the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the situs of material events, the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, and the interest of

justice.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*

[HN8] A plaintiff's choice of forum is entitled to substantial weight under *28 U.S.C.S. § 1404(a)*, particularly when it is also the plaintiff's home forum.

**COUNSEL:** For FOUNTAIN MARKETING GROUP, INC., plaintiff: James B. Davidson, Ernest W. Irons, Susan Mary Solomon, Davidson, Goldstein, Mandell & Menkes, Chicago, IL.

For FRANKLIN PROGRESSIVE RESOURCES, INC. dba Progressive PC, defendant: Gary Mark Sircus, Scott Alan Lefelar, Rudnick & Wolfe, Chicago, IL.

For MICHAEL FRANKLIN, defendant: Gary Mark Sircus, (See above). Scott Alan Lefelar, (See above).

**JUDGES:** Suzanne B. Conlon, United States District Judge

**OPINION BY:** Suzanne B. Conlon

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Fountain Marketing Group, Inc. ("Fountain") sues Franklin Progressive Resources, Inc. ("Progressive") and Michael Franklin ("Franklin") for breach of contract. Defendants move to dismiss for lack of personal jurisdiction and improper venue. In the alternative, defendants move to transfer venue to the United States District Court for the Middle District of Florida.

*BACKGROUND*

[HN1] In considering a motion to dismiss for want of personal jurisdiction or improper venue, the court accepts all well-pleaded allegations as true unless controverted by defendants' affidavits. Any [*2] conflicts in the affidavits are resolved in favor of the plaintiff. *Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987)*.

Fountain is an Illinois corporation with its headquarters and manufacturing facility located in Posen, Illinois. Fountain manufacturers and sells computers under the trade name Proteva. William Lynch is Fountain's chief executive officer, and Brian Jordan is its vice president of operations. Declaration of William Lynch ("Lynch decl.") PP 1, 4. Progressive is engaged in the business of selling personal computers and service to retail customers in Jacksonville, Florida. Progressive's annual sales are $ 4 million. Progressive does not have any stores, offices, property or employees located outside Jacksonville. Nor does it advertise or solicit business outside this limited geographic area. Michael Franklin is Progressive's president and chief executive officer. Franklin is also a Florida resident. Franklin neither transacts business nor owns property in Illinois. Franklin has traveled through Illinois on a few occasions, but has never visited Illinois for any business purposes related to this case. Declaration of Michael Franklin ("Franklin decl.") PP 1-3; Complaint [*3] Ex. 1.

Prior to April 1995, Jordan worked for a "sister" company of Fountain named FMG Distributors, Atlanta, Inc. ("FMG-Atlanta"), where he had dealings with defendants. Following April 1995, Fountain and FMG-Atlanta were no longer associated, and Jordan began working for Fountain. Having previously done business with defendants, Jordan located their address and phone number through directory assistance, and telephoned Franklin in September 1995. As a result of this telephone call, Progressive purchased one computer from Fountain for examination, and later expressed an interest in a "computer truckload sale." Lynch decl. PP 4, 5; Franklin decl. P 5.

The parties exchanged a number of telephone calls and written correspondence regarding the truckload sale. Lynch decl. Exs. 2-6. By this means, the parties negotiated the terms of the agreement at issue. Fountain agreed to ship computers to Progressive in a trailer. The trailer would be detached upon arrival and remain at Progressive during the sale. When the sale ended, Progressive would pay Fountain for the computers sold. Fountain would then retrieve the trailer and any computers left unsold. Progressive agreed to develop and place [*4] radio advertising for the sale. Fountain granted Progressive a $ 8,000 merchandise credit to pay for radio advertising. Progressive also agreed to design and pay for newspaper advertising. In exchange, Fountain agreed to place Progressive's newspaper advertisements with The Florida-Times Union. Progressive requested that Fountain place the advertisements because The Florida-Times Union was engaged in a dispute with Progressive and would not accept Progressive's

advertising. In order to place the advertisements, Lynch was required to sign a personal guarantee. Lynch's personal assets are located in Illinois. Lynch decl. PP 6-8; Franklin decl. PP 5, 6.

Progressive sent purchase orders to Fountain on October 3 and October 9, 1995. Progressive forwarded four checks to Fountain, dated October 10, 11, and 14, which apparently paid for a portion of the October 3 and 9 orders. [1] Fountain manufactured computers in Illinois to the specifications requested in the purchase orders, and shipped them to Florida. In order to secure the orders, Fountain required a credit application from Progressive, which included a "Individual Personal Guarantee" clause. While in Florida on October 9, Franklin [*5] executed the credit application on behalf of Progressive. Franklin also executed the personal guarantee designating himself as the guarantor of Progressive's liabilities to Fountain. Franklin then returned the credit application and personal guarantee to Progressive in Illinois. Lynch decl. P 9; Franklin decl. P 6; Complaint Ex. 1.

> 1 Neither party clearly explains the purchases that correlate with these checks.

The truckload sale was held October 13 though October 15. Pursuant to Progressive's request, Fountain sent its sale representative Bill Stanley to help with the sale in Jacksonville. Following the initial sale, the parties agreed to extend the sale for another weekend. Progressive sent another purchase order to Fountain on October 17; Fountain responded with a shipment of additional computers. Following the truckload sale, Progressive shipped the remaining computers back to Illinois. Progressive began to complain of alleged problems with the computers sold. Fountain responded by sending one its service [*6] representatives, Ron Chafetz, to Progressive's Florida location. Lynch decl. PP 7, 10, 11.

On May 2, 1996, Fountain filed this case. Fountain bases jurisdiction on diversity of citizenship. Fountain alleges Progressive and Franklin owe it $ 107,295, but have failed to pay.

*ANALYSIS*

I. *PERSONAL JURISDICTION OVER PROGRESSIVE AND FRANKLIN*

Defendants contend this court lacks personal jurisdiction over both of them. [HN2] A federal court sitting in diversity has personal jurisdiction over a party only if a court of the forum state would have jurisdiction. *Daniel J. Hartwig Assocs., Inc. v. Kanner, 913 F.2d 1213, 1216 (7th Cir. 1990)*; *FMC Corp. v. Varonos, 892 F.2d 1308, 1310 (7th Cir. 1990)*. Consequently, this court has personal jurisdiction over Progressive and Franklin only if an Illinois state court would have personal jurisdiction. *Mors v. Williams, 791 F. Supp. 739, 740-41 (N.D. Ill. 1992)*. The burden of proof falls upon Fountain to establish facts warranting the exercise of personal jurisdiction. *Nelson by Carson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983), cert. denied, 465 U.S. 1024 (1984)*.

[HN3] An Illinois court may exercise jurisdiction [*7] over a defendant who is subject to the Illinois long arm statute. *E.J. McGowan & Assoc., Inc. v. Biotechnologies, Inc., 736 F. Supp. 808, 809 (N.D. Ill. 1990)*. Since its amendment in 1989, the Illinois long arm statute is coextensive with the limits of due process. *FMC, 892 F.2d at 1310 n. 5*. Accordingly, if the due process requirements of the Illinois and United States constitutions are satisfied, personal jurisdiction is proper.

In order to comport with federal due process, a defendant must have sufficient minimum contacts with the forum state so that suit in that state "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)*. If the defendant has purposefully availed himself of the benefits of conducting business in the forum state and could reasonably anticipate being haled into court there, the minimum contacts prong of this test is satisfied. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)*; *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)*. In judging the [*8] "fair play and substantial justice" test, the court should consider "the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 113, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987)*.

**A.** *Personal Jurisdiction Over Progressive*

Fountain initiated the business relationship between the parties when it telephoned Progressive in September 1995. Thus, Progressive did not subject itself to personal jurisdiction in Illinois by initiating a transaction with an

Illinois corporation. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 280 (7th Cir. 1990)*; *Arthur Young & Co. v. Bremer, 197 Ill. App. 3d 30, 554 N.E.2d 671, 676, 143 Ill. Dec. 736 (1990)*. Nevertheless, Progressive actively negotiated the terms of the agreement between the parties, which required several telephone calls and written correspondence between Florida and Illinois. Progressive purchased custom built computers from Fountain, placed multiple orders with Fountain, and requested that a Fountain sales representative be present during the truckload sale. Hence, Progressive [*9] was an "active purchaser" from an Illinois corporation, and therefore submitted to the jurisdiction of Illinois courts. *Belle-Aire Fragrances, Inc. v. Odorite Intern, Inc., 898 F. Supp. 621, 624 (N.D. Ill. 1995)*; *G.M. Signs, Inc. v. Kirn Signs, Inc., 231 Ill. App. 3d 339, 596 N.E.2d 212, 172 Ill. Dec. 933 (2nd Dist. 1992)*.

In addition, the agreement arrived at by Progressive and Fountain required partial performance in Illinois. Although the computers were delivered to Florida and advertised there, the computers were actually made in Illinois based on Progressive's specifications. Progressive's payments for the computers were delivered to Illinois, and the unsold computers were returned to Illinois. In addition, newspaper advertising for the truckload sale was placed from Illinois at Progressive's request. This task required Lynch to sign a personal guarantee and put his Illinois assets at risk. Accordingly, substantial performance of the agreement in Illinois provides additional grounds for personnel jurisdiction over Progressive. *Heritage House, 906 F.2d at 280*; *Arthur Young, 554 N.E.2d at 676*.

The court recognizes that litigating this case in an Illinois forum [*10] may be inconvenient for Progressive because it is located in Florida. However, Progressive's annual sales are $ 4 million, making it unlikely that adjudication in Illinois would be unduly burdensome. In addition, Illinois clearly has an interest in this case because Fountain is incorporated and has its principal place of business in Illinois. *Chemical Waste Management, Inc. v. Sims, 870 F. Supp. 870, 874 (N.D. Ill. 1994)*. Accordingly, personal jurisdiction over Progressive is consistent with due process. The motion to dismiss Progressive for lack of personal jurisdiction must be denied.

**B.** *Personal Jurisdiction Over Franklin*

Defendants contend the court lacks personal jurisdiction over Franklin because his contacts with Illinois are more tenuous than those of Progressive. Defendants reason that under the Illinois fiduciary shield doctrine, the actions taken by Franklin on behalf of Progressive cannot be considered for purposes of personal jurisdiction. Defendants conclude Franklin's only relevant contact with Illinois is the personal guarantee he executed in Florida, an insufficient contact to confer personal jurisdiction.

[HN4] The fiduciary shield doctrine insulates a person [*11] from jurisdiction in a state when the individual's presence and activities in the state were solely to further the interests of an employer or other principal. *Rollins v. Ellwood, 141 Ill. 2d 244, 565 N.E.2d 1302, 1313-18, 152 Ill. Dec. 384*. The seminal Illinois case on the issue is *Rollins*, in which the Illinois Supreme Court found that Illinois could not exercise personal jurisdiction in a false arrest suit over a policeman sent into Illinois by his superiors to serve an arrest warrant. *565 N.E.2d at 1318*. The court noted that the policeman, who was in a low-level position of responsibility, had no practical alternative but to enter the state to carry out the wishes of his employer or risk losing his job. *Id.* Under these circumstances, it would be unfair to subject the officer to personal jurisdiction in Illinois. *Id.*

By contrast, the fiduciary shield defense does not apply if the employee in question was also (or instead) acting to "serve his personal interests." *Rollins, 565 N.E.2d at 1318*; *Rice v. Nova Biomedical Corp., 38 F.3d 909, 912-13 (7th Cir. 1994), cert. denied, 131 L. Ed. 2d 855, 115 S. Ct. 1964 (1995)*. For example, an individual who is a high-ranking [*12] company officer or shareholder has a direct financial stake in the company's health and can be subjected to personal jurisdiction for actions that result in both personal and corporate benefit. *Continental Bank N.A. v. Everett, 742 F. Supp. 508, 510 (N.D. Ill. 1990)* (defendant shareholders who personally guaranteed loan to company would benefit financially from that company's ability "to obtain the financing necessary for its operations"); *Plymouth Tube Co. v. O'Donnell, 1995 U.S. Dist. LEXIS 8912, 1995 WL 387595 *3-4 (N.D. Ill. Jun 28, 1995)* (rejecting fiduciary shield doctrine for officers and primary shareholders who personally guaranteed loan to company); *see also R-Five, Inc. v. Sun Tui, Ltd., 1995 U.S. Dist. LEXIS 13360, 1995 WL 548633 *5 (N.D. Ill. Sep. 12, 1995)*. Here, Franklin is president and chief operating officer of Progressive.

Franklin and his wife are apparently the 100 percent owners of Progressive. On the credit application Franklin completed on behalf of Progressive, he listed himself and Kathy D. Franklin as both the officers and owners of Progressive. Complaint Ex. 1. Hence, Franklin has a particularly personal interest in the continuing future of Progressive and, unlike the defendant in *Rollins*, was [*13] not merely obeying the orders of his superiors when he acted on behalf of Progressive to reach the agreement at issue. The fiduciary shield doctrine therefore does apply to this case, and Franklin's actions on behalf of Progressive subject him to personal jurisdiction in Illinois.

The personal guaranty executed by Franklin also supports personal jurisdiction because it required performance in Illinois. In fact, [HN5] "contract performance in Illinois has of itself been held a sufficient basis for jurisdiction." *Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 590 (7th Cir. 1984)* (citing *Cook Assocs., Inc. v. Colonial Broach & Mach. Co., 14 Ill. App. 3d 965, 304 N.E.2d 27 (1st Dist. 1973))*. The guaranty required Franklin to pay Fountain for any debts Progressive failed to honor. The guaranty therefore required performance in Illinois. Illinois is where Fountain resides, and where Progressive sent its payments to Fountain. As a result, the guaranty supports personal jurisdiction over Franklin based on primary performance in Illinois. *Jacobs/Kahan, 740 F.2d at 591*; *Continental Bank, 742 F. Supp. at 510*. Accordingly, the motion to dismiss for lack of jurisdiction over Franklin must [*14] be denied.

### II. *VENUE AS TO FRANKLIN*

Defendants move to dismiss Franklin from this case based on improper venue. Defendants contend the claim against Franklin is centered on alleged acts and omissions that took place in Florida, not Illinois.

[HN6] In diversity actions, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *28 U.S.C. § 1391(a)(2)*. As discussed above, the guaranty signed by Franklin required payment in Illinois. It is the failure to pay Fountain in Illinois that forms the basis for Fountain's breach of contract claim against Franklin. Because the alleged failure to perform a contractual duty in Illinois gives rise to the breach of contract claim, venue is proper even though the Franklin's activities in another forum might be more significant. *Plymouth Tube*, 1995 WL 387595 at *4; *Chemical Waste, 870 F. Supp. at 875*.

Accordingly, the motion to dismiss for improper venue must be denied.

### III. *TRANSFER VENUE*

Because defendants' motions to dismiss are denied, their motion to transfer this case to the United States District Court for the Middle District of Florida [*15] is appropriately considered. [HN7] There are three elements of a valid transfer: "(1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, in the interest of justice." *28 U.S.C. § 1404(a)*; *Keppen v. Burlington N. R.R. Co., 749 F. Supp. 181, 183 (N.D. Ill. 1990)*. The burden of proof is on the party seeking transfer to show the existence of these three requirements, and that there is a clear inconvenience in this district in comparison to the transferee district. *Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991)*.

The first and second elements are met here. Venue is proper in this court because Progressive is a corporation subject to personal jurisdiction in this district and, as discussed above, because the alleged failure to perform a contractual duty that gives rise to Fountain's claim against Franklin occurred in Illinois. *28 U.S.C. §§ 1391(a)(1)* and *(2)*. Venue is also proper in the transferee court because both defendants reside in Florida. *28 U.S.C. § 1391(a)(1)*. The motion to transfer therefore turns on the third [*16] element. In determining whether the third element is satisfied, the court should consider the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the situs of material events, the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, and the interest of justice. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership, 807 F. Supp. 470, 474 (N.D. Ill. 1992)*; *Sky Valley, 776 F. Supp. at 1276*.

Fountain resides in Illinois and plans to call witnesses who reside in Illinois. Progressive and Franklin reside in Florida, and plan to call witnesses who reside in Florida. Accordingly, the convenience of the parties and the witnesses do not favor one forum over the other. Along similar lines, the situs of material events does not clearly favor one forum over another. The computers were purchased by a Florida corporation and delivered

there. However, the failure to pay for the computers occurred in Illinois.

[HN8] A plaintiff's choice of forum is entitled to substantial weight under *§ 1404(a)*, [*17] particularly when it is also the plaintiff's home forum. *Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)*. Thus, the fact Fountain filed this case in Illinois, its home forum, weighs heavily in favor of an Illinois forum. In addition, the interests of justice weigh in favor of an Illinois forum. Defendants note that the median time between filing and trial is eighteen months in the Middle District of Florida. In contrast, this case is scheduled for trial in this court in December 1996. Accordingly, the motion to transfer venue must be denied.

Defendants argue a transfer should be granted because access to sources of proof favors a Florida forum. Defendants imply that because they plan to seek testimony from non-party witnesses who reside in Florida -- former Progressive employees and customers "with material information regarding the truckload sale and the defective computers supplied by Fountain" -- the presence of these witnesses beyond this court's subpoena powers requires transferring this case to Florida. This argument is without merit. The fact that defendants plan to seek testimony from non-party witnesses does not show these witnesses are unwilling to testify. [*18] As a result, it does not show this court's subpoena power is relevant to the venue of this case. Defendants also fail to establish the relevance of these witnesses to the substantive issues. In particular, defendants fail to explain how the testimony of these witnesses will defeat Fountain's claims or apply to any other aspect of this case. Nor have defendants asserted any affirmative defenses or counterclaims that might reveal how the testimony of these witnesses is relevant to this case. Accordingly, the motion to transfer venue must be denied.

## CONCLUSION

The motions to dismiss for lack of jurisdiction and improper venue and to transfer venue are denied. Defendants are directed to answer the complaint by July 19, 1996.

ENTER:

Suzanne B. Conlon

United States District Judge

July 12, 1996