# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3925 | **DATE** | 11/9/2010 |
| **CASE TITLE** | Insubuy, Inc vs. Community Insurance Agency et al | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants Counter-Plaintiff Community Insurance Agency's ("CIA") motion for expedited jurisdictional discovery.  Counter-Plaintiff CIA must serve its document requests and interrogatories by no later than 11/11/10.  Counter-Defendant Khatri must serve his responses to CIA's written discovery by no later than 12/1/10.  Counter-Defendant Khatri's deposition must take place by 12/13/10.  Counter-Plaintiff CIA must then file its Amended Response to Khatri's motion to dismiss based on lack of personal jurisdiction by no later than 12/23/10.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

　　On June 24, 2010, Plaintiff Insubuy, Inc., a Texas corporation, filed its original complaint for trademark infringement, unfair competition, false designation of origin, and domain name cybersquatting against Defendants Community Insurance Agency, Inc, ("CIA"), an Illinois corporation, as well as Ramesh Patel, Gubman N. Moore, Inc., and Robert M. Chorzepa.  Thereafter, Defendants filed Counterclaims against Insubuy and Narendra Khatri, the founder and principal of Insubuy.  On October 7, 2010, Counter-Defendant Khatri filed a motion to dismiss Defendants' Counterclaims based on lack of personal jurisdiction and improper venue.  On October 22, 2010, Counter-Plaintiff CIA filed the present motion to take expedited jurisdictional discovery relating to Khatri's personal jurisdiction.  For the following reasons, the Court, in its discretion, grants CIA's motion for expedited jurisdictional discovery.  Counter-Plaintiff CIA must serve its document requests and interrogatories by no later than Thursday, November 11, 2010.  Counter-Defendant Khatri must serve his responses to CIA's written discovery by no later than December 1, 2010.  Counter-Defendant Khatri's deposition must take place by December 13, 2010.  Counter-Plaintiff CIA must then file its Amended Response to Khatri's motion to dismiss based on lack of personal jurisdiction by no later than December 23, 2010.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARDS

It is well established that the due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Two types of personal jurisdiction exist – general and specific. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU-Employer Retirement Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009); *see also Helicopteros Nacionales de Colombia*, 466 U.S. at 416. On the other hand, specific jurisdiction "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *GCIU-Employer Retirement,* 565 F.3d at 1023 (citation omitted).

If a plaintiff establishes a *prima facie* case of personal jurisdiction, courts should permit it to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss. *See Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 876-77 (7th Cir. 2006); *see also Ticketreserve, Inc. v. Viagogo, Inc.,* 656 F.Supp.2d 775, 782 (N.D. Ill. 2009) ("the plaintiff must establish a *prima facie* showing of personal jurisdiction before discovery will be permitted"). In reaching this issue, the plaintiff is "entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Central States*, 440 F.3d at 878 (citations and quotations omitted). As with all discovery matters, district courts have broad discretion in determining when additional jurisdictional discovery is appropriate. *See GCIU-Employer,* 565 F.3d at 1026.

## ANALYSIS

In response to Counter-Defendant Khatri's motion to dismiss based on the lack of personal jurisdiction, the parties have submitted evidence found in the public record, as well as in affidavits, that show:

- Khatri is a director and owner of Insubuy, Inc.
- Khatri is the Chief Executive Officer of Insubuy, Inc.
- Khatri registers and maintains domain names and renewals for Insubuy, Inc.
- Khatri has registered or maintained at least 751 domain names for Insubuy, Inc.
- Khatri operates interactive websites that reach Illinois and throughout the country
- Khatri had prior notice of CIA being an Illinois corporation
- Khatri had prior notice of CIA's rights and trademarks

Based on this information, CIA has established a prima facie case of personal jurisdiction for purposes of additional discovery based on Khatri's control of Inusbuy's websites and domain names. In particular, the Seventh Circuit has concluded that maintaining commercial websites that reach throughout the country can establish the willingness to do business with Illinois residents. *See Illinois v. Hemi Group LLC,* ___ F.3d ___, 2010 WL 3547647, at *3 (7th Cir. Sept. 12, 2010). Because CIA has supported its assertions of personal jurisdiction, the Court grants CIA's motion for expedited discovery concerning the Court's personal jurisdiction over Khatri. *See Ticketreserve,* 656 F.Supp. 2d at 782-83.