# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INSUBUY, INC. | ) |
| Plaintiff | ) Civil Action No. |
| vs. | ) 1:10-cv-03925 |
| COMMUNITY INSURANCE AGENCY INC.; RAMESH J. PATEL; GUBMAN N. MOORE, INC.; and ROBERT M. CHORZEPA. | ) Judge : St. Eve<br>) Jury Trial Demanded |
| Defendants. | ) |
| COMMUNITY INSURANCE AGENCY, INC. | ) |
| Counterclaimant | ) |
| vs. | ) |
| INSUBUY, INC.; and NARENDRA KHATRI | ) |
| Counterdefendants. | ) |

**MOTION OF INSUBUY, INC. AND NARENDRA KHATRI FOR PARTIAL SUMMARY JUDGMENT THAT THE TERMS "VISITORS INSURANCE" AND "VISITORS MEDICAL PROTECTION" ARE GENERIC, FOR DISMISSAL OF DEFENDANT CIA'S COUNTERCLAIM COUNT I WITH RESPECT TO THESE TERMS, AND FOR JUDGMENT IN <u>FAVOR OF INSUBUY'S CLAIMS FIVE AND SIX</u>**

Plaintiff Insubuy, Inc. ("Insubuy") and Counterdefendant Narendra Khatri ("Mr. Khatri") (collectively "Plaintiffs") hereby move the Court to find that the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic for insurance services, for judgment of dismissal of Defendant Community Insurance Agency, Inc. ("CIA") Count I with

respect to these terms, *with prejudice*, and for judgment in favor of Insubuy's Claim Five and Six.  In support of this motion, Plaintiffs submit a supporting memorandum of law and a statement of material facts, under Local Rule 56.1, and state the following:

1. In this action, Defendant CIA asserts an allegedly exclusive right to use the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION with respect to insurance services, including medical insurance for visitors to the U.S. and other countries.

2. Count I of the Counterclaims of Defendant CIA asserts a claim against Plaintiffs for alleged unlawful registration of Internet domain names, under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). 15 U.S.C. §1125(d)

3. A claim under the ACPA requires that the claimant posses a distinctive mark, and a generic term can never support a claim under the ACPA because a generic term is not a distinctive mark.

4. The terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic for insurance services.  There is compelling evidence that these terms are commonly used to refer to a <u>type</u> of medical insurance for persons visiting the U.S. and other countries, including evidence from dictionaries, statements made by the United States Patent and Trademark Office, generic usage by third-parties and even generic usage by the claimant, CIA.

5. Since the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic for insurance services, Defendant CIA's Counterclaim Count I fails as a matter of law with respect to these terms.

6. After commencement of this action, CIA obtained Illinois State trademark registrations for the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION for insurance services, and CIA has asserted these registrations against Plaintiffs.

7. Section 45 of the Illinois Trademark Registration and Protection Act provides that the Secretary of State shall cancel any registration for which the Court finds the term to be generic. (765 ILCS 1036/45)

**WHEREFORE**, Plaintiffs respectfully request that the Court find that the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic as to medical insurance for visitors and as to insurance services in general, enter summary judgment dismissing Defendant CIA's Counterclaim Count I as to these terms, *with prejudice,* and enter summary judgment in favor of Insubuy's Claims Five and Six for cancellation of CIA's Illinois State trademark registrations for these terms.

Respectfully submitted,

Date: July 11, 2011

/s/Fritz L. Schweitzer, III
Fritz L. Schweitzer, III, *pro hac vice*
Amanda K. Greenspon, *pro hac vice*
ST.ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: litigation@ssjr.com

Attorneys for Plaintiff Insubuy, Inc.
And Counterdefendant Narendra Khatri

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of July, 2011, a true and correct copy of the foregoing **Motion for Summary Judgment** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

7/11/11
_____
Date

_____
Debbi Simms