# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| INSUBUY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03925 |
| | ) | |
| COMMUNITY INSURANCE AGENCY INC.; | ) | Judge: St. Eve |
| RAMESH J. PATEL; GUBMAN N. MOORE, | ) | |
| INC; AND ROBERT M. CHORZEPA, | ) | Magistrate Judge: Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |
| COMMUNITY INSURANCE AGENCY INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSUBUY, INC.; and NARENDRA KHATRI, | ) | |
| | ) | |
| Counterdefendants. | ) | |
| | ) | |

### COMMUNITY INSURANCE AGENCY, INC.'S OPPOSITION TO INSUBUY'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant/Counterclaimant Community Insurance Agency, Inc. ("CIA") opposes Insubuy, Inc.'s and Narendra Khatri's (together, "Insubuy") motion for partial summary judgment on Count I of CIA's Counterclaims for Cybersquatting under the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d) and Insubuy's Claims V and VI for cancellation of CIA's Illinois State trademark registrations for the marks VISITORS INSURANCE and VISITORS MEDICAL PROTECTION on several grounds:

Initially, under Fed.R.Civ.P. 56(c), Insubuy's Motion is premature, as discovery has not been completed. The nature and type of evidence upon which a court must rely on in deciding

whether to grant or deny a motion for summary judgment includes depositions, interrogatories, and admissions. At this time, CIA has yet to complete all depositions, interrogatories, and admissions necessary to fully respond to Insubuy's Motion. Moreover, Insubuy has failed to comply with its discovery obligations in full. By way of example only, Insubuy has hindered CIA from pursuing its claims by hampering discovery by improperly designating documents as "Restricted." CIA has filed a motion challenging Insubuy's improper designation of documents, which is currently pending at this time. Insubuy's dilatory tactic to intentionally prevent Defendants from reviewing key documents relevant to the claims severely hinders Defendants from responding to Insubuy's Motion.

Additionally, there are material facts in dispute as to whether or not the marks-at-issue are generic since CIA contends that the marks-at-issue acquired secondary meaning. Proof of secondary meaning can be established through direct consumer testimony, consumer surveys, and evidence of length and manner of use, amount and manner of advertising, volume of sales, place in the market, and intentional copying. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 641 (7th Cir. 2001). In this case, for example, CIA has consistently used the trademark VISITORS INSURANCE in commerce with American customers *since at least 1996* so that the phrase "Visitors Insurance" has become associated in customer's and competitors' minds with CIA's services. Discovery of factual issues of any usage of the common law trademark VISITORS INSURANCE from the 1990's to present is material because it bears directly on the issues of abandonment, genericness and any common law rights associated with the mark. CIA cannot for the above-reasons and others stated in the Rule 56(d) Declaration attached hereto state facts essential to justify CIA's opposition to Insubuy's partial motion for summary judgment.

Furthermore, CIA is the sole exclusive provider of insurance called "Visitors Medical Protection" in the United States. *See* Exhibit A. No other insurance company offers or sells a particular source of insurance called "Visitors Medical Protection." Also, Insubuy has deliberately copied and registered as domains CIA's marks-at-issue and intentionally redirected those domains to its domain, www.Insubuy.com, to divert consumers from the website they intended to visit. This raises an inference that the marks (*i.e.*, VISITORS INSURANCE and VISITORS MEDICAL PROTECTION) are distinctive. *See, e.g., Ashlar, Inc. v. Structural Dynamics Research Corp.,* 36 U.S.P.Q.2d 1402, *1407 (N.D. Cal. 1995) (N.D. Cal. 1995) (intentional copying is evidence of distinctiveness) (attached hereto as Exhibit B). Even worse, as discovery has shown, Insubuy solicited third party insurance companies to encourage them to intentionally use CIA's marks-at-issue—all in an attempt to paint a picture that the terms VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic, even though they are not. Indeed, such material facts contribute to a determination of secondary meaning, and defeat Insubuy's conclusory allegation that the marks-at-issue are generic. Accordingly, CIA requires additional time in which to obtain admissible evidence that the marks-at-issue have acquired secondary meaning.

Likewise, Insubuy has failed to submit any survey evidence in support of its claim that CIA's trademarks VISITORS INSURANCE and VISITORS MEDICAL PROTECTION are generic. Instead, Insubuy submits unverified third party evidence at the last minute to support its Motion. However, CIA and its experts deserve a reasonable amount of time in which to conduct the necessary evaluation and analysis of these alleged usages by third parties. Hence, without sufficient time to evaluate such critical pieces of evidence, CIA cannot reasonably be expected to respond to Insubuy's conclusory claims. Insubuy cannot reasonably claim any prejudice by

having to wait for CIA to conduct discovery that will allow CIA a meaningful opportunity to respond to Insubuy's Motion.

For such reasons, CIA asks this Court to deny Insubuy's Motion or, in the alternative, order a continuance to allow such discovery to be had under Fed.R.Civ.P. 56(d) after the close of fact and expert discovery expires.

DATED: July 28, 2011                              Respectfully Submitted,

                                                                  s/Nicholas S. Lee/_____
                                                                  Edward L. Bishop
                                                                  ebishop@bishoppatents.com
                                                                  Nicholas S. Lee
                                                                  nlee@bishoppatents.com
                                                                  Monique A. Morneault
                                                                  mmorneault@bishoppatents.com
                                                                  BISHOP & DIEHL, LTD.
                                                                  1750 East Golf Road
                                                                  Suite 390
                                                                  Schaumburg, Illinois 60173
                                                                  P: (847) 969-9123
                                                                  F: (847) 969-9124

                                                                  *Attorneys for Defendant and*
                                                                  *Counterclaimant Community Insurance*
                                                                  *Agency, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 28, 2011. Any other counsel of record will be served by electronic mail and/or first class mail.

                                     /s/ Nicholas S. Lee
                                     Nicholas S. Lee