# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3925 | **DATE** | 8/12/2011 |
| **CASE TITLE** | Insubuy, Inc vs. Community Insurance Agency, Inc et al | | |

**DOCKET ENTRY TEXT**

The Court grants CIA's Rule 56(d) motion [122] and denies, without prejudice, Insubuy's motion for partial summary judgment [115]. Insubuy may refile its motion after the close of fact discovery and on or before 10/28/11.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    On July 11, 2011, Plaintiff Insubuy, Inc., and Counterdefendant Narendra Khatri (collectively "Insubuy") moved for partial summary judgment in their favor on Defendant Community Insurance Agency, Inc.'s ("CIA's") counterclaim under the Anti-Cybersquatting Consumer Protection Act ("ACPA") and in their favor on their claims to cancel CIA's Illinois State Trademark Registrations on "Visitors Insurance" and "Visitors Medical Protection." (R. 115.) CIA subsequently filed a Rule 56(d) motion, requesting that the Court deny or continue Insubuy's motion for partial summary judgment to allow CIA to conduct discovery sufficient to enable it to oppose Insubuy's motion. (R. 122.) The Court grants CIA's motion, and denies Insubuy's motion for partial summary judgment without prejudice to refile on or before October 28, 2011.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

Insubuy brought the present lawsuit on June 24, 2010, alleging trademark infringement, unfair competition, false designation of origin, and domain-name cybersquatting. (R. 1.) The operative complaint alleges that Defendants have harmed Insubuy "by registering a vast number of Internet domain names incorporating the service marks of Insubuy, and by operating commercial websites at those domains in an effort to divert customers and business away from Insubuy." (R. 53 at 4.) Insubuy brings claims for (1) infringement of Section 32 of the Lanham Act; (2) false designation of origin and unfair competition under Section 43(a) of the Lanham Act; (3) anti-cybersquatting under Section 43(d) of the Lanham Act; (4) state common-law unfair competition; (5) cancellation of Illinois state trademark registration "Visitors Insurance"; (6) cancellation of Illinois state trademark registration "Visitors Medical Protection"; and (7) cancellation of Illinois state trademark registration "Community Insurance Agent." (*Id.* at *passim*.)

Insubuy has filed a motion for partial summary judgment. (R. 115.) It argues that there is no genuine dispute that "Visitors Insurance" and "Visitors Medical Protection" are generic and therefore ineligible for trademark protection, thus entitling it to summary judgment on its fifth and sixth claims, as well as to summary judgment on CIA's counterclaim under the ACPA. (R. 115-1 at passim.) On July 28, 2011, CIA filed a response under Rule 56(d), arguing that it "has yet to complete all depositions, interrogatories, and admissions necessary to fully respond to Insubuy's Motion." (R. 122 at 2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As the Seventh Circuit has pointed out, "[w]hen a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . [Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). A Rule 56(d) "motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Id.* Vague assertions that further discovery would reveal genuine issues of material fact are insufficient. *United States v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir. 1985). Ultimately, the Court has discretion in deciding whether to grant or to deny such a motion. *See, e.g.*, *Becker v. IRS*, 34 F.3d 398, 406 (7th Cir. 1994).

## DISCUSSION

Insubuy contends that the undisputed facts entitle it to summary judgment, in part due to third-party usage of "Visitors Insurance" and "Visitors Medical Protection" (collectively "the terms,") which demonstrates that the terms are generic. (R. 115-1 at 8-12.) The third parties that Insubuy references are Seven Corners, Inc., HCC Medical Insurance Services, The Virginia Risk Company, Go One Global Corporation, Padmaja P. Bapat, International Services, Inc. Serve Global, Inc., IHC Health Solutions, Go One Global Corporation, and American Express Travel Medical Protection. (*Id.*)

Pursuant to Rule 56(d), CIA proffers the declaration of one of its attorneys, Nicholas Lee. (R. 122-3.) The declaration provides that CIA must conduct fact discovery concerning "how long or how extensive [*sic*] any of the third parties have used the terms[.]" (R. 122-3 at 2.) Specifically, Mr. Lee declares that CIA needs discovery as to point-of-sale materials, trade-announcement sheets, and materials related to promotional activities concerning the terms, as well as all correspondence between Insubuy and (1) third-party insurance administrators, agencies, and consumers, (2) HCC Medical Services, (3) Seven Corners, (4) Go One Global Corporation, and (5) International Medical Groups "related to the origin of Insubuy's products/services identified by" the terms. (*Id.*

at 2-3.) The declaration further provides that CIA needs to obtain all non-privileged documents relating to correspondence between Insubuy and Insubuy's officers, agents, and any third party concerning its asserted defense that the terms are generic. (*Id.* at 3.) Finally, CIA seeks discovery concerning all non-privileged documents relating to Insubuy's registration of domains similar to the terms and relating to usage of the terms by third-party insurance administrators, agencies, and consumers. (*Id.* at 4.)

In its accompanying Rule 56(d) memorandum, CIA explains that it seeks discovery demonstrating that the terms have acquired secondary meaning. (R. 122 at 2.) It further maintains that it needs additional time to obtain evidence to the effect that "Insubuy solicited third party insurance companies to encourage them to intentionally use CIA's marks-at-issue—all in an attempt to paint a picture that the terms . . . are generic, even though they are not." (*Id.* at 3.) Finally, it argues that it "and its experts deserve a reasonable amount of time in which to conduct the necessary evaluation and analysis of these alleged uses by third parties." (*Id.*)

CIA does not explain why it has not previously sought discovery on these subjects. Just under a year ago, the Court ordered that the parties were to issue written discovery by September 10, 2010. (R. 34.) Fact discovery is currently scheduled to end on September 29, 2011. (R. 131.) Given the advanced stage of discovery, it is somewhat surprising that CIA would only now seek documents and correspondence of the nature outlined in its Rule 56(d) motion and accompanying declaration. The Court also does not agree that CIA needs the full amount and type of discovery identified in order to respond to the summary-judgment motion. Nevertheless, given the potential importance of third parties' use of the terms, the Court exercises its discretion to grant CIA's Rule 56(d) motion, thus enabling CIA to use the remaining time for fact discovery to marshal the facts and evidence it states that it needs to oppose Insubuy's motion for partial summary judgment. *See, e.g., Murray v. Nationwide Better Health*, No. 10-CV-3262, 2011 WL 2683018, at *3 (C.D. Ill. July 8, 2011) ("In accordance with Rule 56(d), this Court will allow Plaintiff additional time to obtain affidavits and conduct limited discovery.").

## CONCLUSION

The Court grants CIA's Rule 56(d) motion (R. 122) and denies, without prejudice, Insubuy's motion for partial summary judgment (R.115). Insubuy may refile its motion after the close of fact discovery and on or before October 28, 2011.